# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **ELVIS WASHINGTON** | **CIVIL ACTION NO. 09-856-P** |
| **VERSUS** | **JUDGE HICKS** |
| **J. SCHUYLER MARVIN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed <u>in forma pauperis</u> by <u>pro se</u> plaintiff Elvis Washington ("Plaintiff"), pursuant to 42 U.S.C. § 1983. This complaint was received and filed in this Court on May 22, 2009. Plaintiff is incarcerated at the Richland Parish Detention Center in Rayville, Louisiana. He names Webster Parish District Attorney J. Schuyler Marvin as defendant.

Plaintiff claims that on June 28, 2006, violations of his constitutional rights were confirmed. He claims that on July 26, 1996, he was arrested for possession of cocaine with intent to distribute. He claims that after he was arraigned, he was offered a five year sentence to plead guilty to possession of cocaine.

Plaintiff claims that after a trial, he was found guilty as charged. He claims that on May 11, 1998, he was sentence to 30 years imprisonment. He claims that on May 5, 2000, the District Attorney filed a habitual offender bill because he elected to go to trial. He claims

that on July 10, 2000, he was adjudicated a multiple offender and sentenced to 33 years imprisonment. Plaintiff claims he was punished because he is black and elected to go to trial.

As relief, Plaintiff seeks compensatory and punitive damages.

For the following reasons, Plaintiff's civil rights complaint should be dismissed as frivolous until the Heck conditions have been met.

## LAW AND ANALYSIS

Plaintiff is seeking compensatory and punitive damages from Defendant for an alleged unconstitutional conviction. The United States Supreme Court held that in order to recover monetary damages for an allegedly unconstitutional conviction, or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to made such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking compensatory and punitive damages for civil rights violations under Section 1983; therefore, he must prove that his conviction or sentence has been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction or sentence has been invalidated or that the prosecution has been terminated in his favor.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 19th day of June, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE